[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 11647
Plaintiffs bring the action in by amended complaint in four counts. All but the first count are withdrawn. Defendants have filed three special defenses and a counterclaim in two counts. Plaintiffs filed a reply to the defendants' special defenses and their own special defenses to defendants' counterclaim.
Facts
I. General
For over 30 years, the plaintiffs and the defendants had interests together in real estate (shopping centers, apartments, etc.) and in various entities which developed, owned or managed real estate. These interests grew to more than 50 properties or entities.
On September 1, 1988, the parties executed a formal written agreement (the "Agreement") to terminate their long-standing joint ownership relations. The Agreement provided that one party would purchase all the interests of the other. In accordance with the Agreement the defendants were the buyers and the closing of all the complex matters was to be February 1, 1989. At defendants' request the closing was postponed and on February 8, 1989, all the matters did close. The plaintiffs on February 8, 1989 received $28,749,998.00, half in cash, and half in a note secured by a purchase money mortgage.[1]
The Agreement also called for the certain post-closing adjustments.
II Interest from 2/1/89 to 2/8/89
Plaintiffs are owed interest from the date of the agreed closing date, February 1, 1989, until the actual closing, February 8, 1989 on the cash portion of the purchase price, $14,374,999. C.G.S. 37-3a. That amount is $27,568.49.
III Transaction Costs and Cash Adjustments CT Page 11648
A. Adjustments
The cash adjustments due plaintiffs at the time of the actual closing totalled $1,525,079.87. To that sum must be added $160,000 paid to defendants by the check of David Hannon for a total of $1,685,079.87. From that total must be deducted the admitted share of the transaction costs due from plaintiffs to defendants of $418,808.72 for a net figure of $1,266,271.15.
B. Interest
Interest is due plaintiffs on the net adjustments at 10% from April 1, 1989 to the date hereof.
IV Major Obligations
Plaintiffs make no claim in regard to the major obligations as to the "Hadley" (aka "Other") property or the "Monticello" property.
A. Obligations
There is due plaintiffs in regard to major obligations the following amounts:
 Due Patron Carbondale $18,377.00 Hammonton 48,433.48 Middletown 18,682.00 Odgenburg 80,760.00 Saranac 5,729.00 Stroudsberg 56,991.00 Palm Beach 7,798.00 Andrews 182,963.67 Total $419,734.15
B. Interest
Interest is due plaintiff on the total of the major obligations from January 1, 1991 to the date hereof.
V. Coventry
Plaintiffs are due $29,745.18[2] on the Coventry account, CT Page 11649 plus interest at 10% from April 1, 1989.
VI Attorneys' Fees
Plaintiffs are due the net sum of $91,682.30 for attorneys fees. No interest is asked or awarded on those fees.
VII Setoffs
All setoffs have been considered and as appropriate have been used in the calculations of the sums due plaintiff. None was used in regard to the Carbondale tax claims as defendants failed to sustain their burden of proof in regard to those.
VIII Counterclaims
The court finds no bad faith on the part of plaintiffs.
Defendants have not sustained their burden of proof in regard to any of the counterclaims, including those relating to Carbondale.
Specifically, defendants failed to sustain their burden of proof in regard to their right to make charges for insurance and for the value of such charges.
Defendants were not damaged by any actions or lack of actions by Marvin Patron in regard to the Tri-Town Plaza in Seymour, Connecticut.
Judgment for plaintiff on the complaint and counterclaims.
Norris O'Neill, J.